**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,                                  Case No. 08-CR-20320
                                                            Honorable Denise Page Hood

v.

LUIS LONDONO-DAZA,

    Defendant.

_____/

## ORDER DENYING MOTION TO CORRECT CLERICAL ERROR IN PRESENTENCING INVESTIGATION REPORT

On August 6, 2008, Defendant Luis Londono-Daza plead guilty to one count of knowingly, intentionally, and unlawfully possessing 100 grams or more of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. § 841, which carried a mandatory minimum of 5 years to 40 years imprisonment. [Docket No. 13] Defendant filed a Motion to Correct Clerical Error in the Presentencing Investigation Report (PSI Report) on August 15, 2012. Defendant brings his motion pursuant to Federal Rule of Criminal Procedure 36. For the reasons stated below, Defendant's Motion to Correct is denied.

Defendant asks that the Court correct his citizenship status on his PSI Report. Defendant contends that the PSI Report incorrectly provides that he is a native and citizen of Columbia, South America. Defendant argues that he was, in fact, granted automatic citizenship pursuant to 8 U.S.C. § 1431 when his father became a United States citizen in 1993, while the Defendant was a minor. Defendant notes that his current citizenship status has affected his privileges in prison.

Pursuant to Rule 36, the Court may "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "Rule 36 has consistently been interpreted as dealing only with clerical errors, not with mistakes or omissions by the court." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004). Defendant asks that the Court change his PSI Report so that he will have certain inmate privileges and not face possible deportation. He does not ask the Court to correct an order or judgment. On this basis alone, Defendant's motion fails. However, to the extent that Defendant is asking the Court to correct his sentence, his motion also fails because it is untimely. *See* Fed. R. Crim. P. 35(a) ("Within *14 days after sentence*, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.") (emphasis added); E.D. Mich. L.R. 7.1(h) (providing that any motion for reconsideration must be filed within 14 days after entry of judgment). Defendant was sentenced in 2008.

Furthermore, there is no clerical error. In 2008, Defendant accepted the calculations contained in the PSI Report and does not argue that he ever objected to being characterized as a citizen of Columbia or that the clerk made a mistake. Rather, he contends that there was no evidence to support his recorded citizenship status. If there is any mistake, it appears to be born solely by Defendant. Rule 36 is not the appropriate vehicle for Defendant's request. *See United States v. Carr*, 421 F.3d 425, 432–33 (6th Cir. 2005) ("Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of the sentencing.") (quoting *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004)).

If the Court were able to provide Defendant the relief he requests, Defendant's Motion is without merit. Section 1431(a) provides:

> (a) A child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:
>
>> (1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization.
>>
>> (2) The child is under the age of eighteen years.
>>
>> (3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

Section 1431(a) became effective in October 2000 as part of the Child Citizenship Act. *Guzman v. United States Dep't of Homeland Sec.*, 679 F.3d 425, 430-431 (6th Cir. 2012). The Sixth Circuit noted that several sister circuits "have found that the Child Citizenship Act is not retroactive and can only be applied to individuals who were under eighteen as of the effective date of [the] Act." *Id.* The Sixth Circuit then "join[ed] our sister circuits in finding that section[] 1431 . . . do[es] not apply retroactively." Defendant's records indicate that he was born on June 14, 1978. When the Act became effective in October 2000, Defendant was 22 years old, well over the age of minority and outside the Act.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Correct a Clerical Error in the Pretrial Sentencing Report [Docket No. 39, filed August 15, 2012] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Petition Seeking Answer From the Court [Docket No. 40, filed November 13, 2012] is deemed **MOOT**.

**IT IS SO ORDERED**.

                                              S/Denise Page Hood
                                              Denise Page Hood
                                              United States District Judge

Dated: February 7, 2013

I hereby certify that a copy of the foregoing document was served upon Luis Londono-Daza #42771-039, P.O. Box 30, McRae, GA 31055 counsel of record on February 7, 2013, by electronic and/or ordinary mail.

                S/LaShawn R. Saulsberry
                Case Manager